FILED
2021 FEB 3
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(CENTRAL DIVISION)

|  |  |
|---|---|
| ABEL RAMIREZ, *et al.*, | HON. DAVID M. EBEL |
|  | HON. MICHAEL E. HEGARTY |
| Plaintiffs, | (SITTING BY DESIGNATION) |
| v. | Civil Action No. 2:18-CV-176-DME |
| WALTER BOCKHOLT, *et al.*, | ORDER ON PENDING MOTIONS |
| Defendants. |  |

As noted in a previous order, this case will be tried on the following claims: (1) an unlawful entry on April 10, 2017 into both apartment A103 (Plaintiffs Alicia Amaya Carmona, Carlos Ramirez, Berenice Resendiz, and the four minor Plaintiffs) and (2) A104 (Plaintiffs Abel Jr. and K.F.), as well as (3) an unlawful entry on April 11, 2017 into A103 (Plaintiffs Alicia Amaya-Carmona, Berenice Resendiz, three minor Plaintiffs, and Carlos Ramirez). Defendants have filed a second round of motions *in limine*. I will rule on those now.

**I.    Defendants' Motion *in Limine* No. 7 to Limit the Testimony of Lucina Flores-Nava (ECF 288)**

Non-party Lucina Flores-Nava's minor daughter, K.F., is a plaintiff for Claim 2 (entry on April 10, 2017). She may recover damages if successful on that claim. K.F. is not a plaintiff for the claim concerning April 11, 2017. She may not recover damages for any constitutional violation arising from that claim. However, she was in apartment A104 that evening, heard the Defendants, and, according to Plaintiffs, suffered additional emotional trauma because of that experience. Defendants contend any testimony about K.F. (by Ms. Flores-Nava, because K.F. will not herself be a witness at trial) concerning her particular emotional response arising from the events of April

11, 2017 should be excluded from this trial on relevance grounds under Fed. R. Evid. 401 and on grounds of unfair prejudice under Fed. R. Evid. 403.[1]  In addition to testimony by Ms. Flores-Nava, Plaintiffs state they will offer expert testimony by Dr. Douglas Goldsmith concerning childhood trauma.  They assert K.F.'s response to the events of April 11, 2017 are an inseparable part of her overall damages.  Defendants do not object to Dr. Goldsmith's anticipated testimony addressing the extent to which K.F.'s "general emotional well-being" was affected by the second night's events.

I do not believe it is practicable to completely segregate testimony about K.F. in the manner Defendants request.  In presenting emotional damages evidence arising from an allegedly traumatic event, the impact it has had on a plaintiff since such event is relevant.  In other words, if a plaintiff was compromised in one event, such that a later, unrelated event triggered an excessive emotional response that would not have occurred but for the original trauma (such opinion usually being provided by expert testimony), that is relevant to damages.  This will most likely come in through Dr. Goldsmith.  Further, I believe Ms. Flores-Nava should be permitted to testify concerning her observations of the impact that the events of April 11, 2017 had on K.F., including, for example, that K.F. "wanted to scream" and Ms. Flores-Nava asked her to stay quiet (if admissible).  As to specific statements such as K.F. declaring "They want to kill us," the issue is a very close one.  I certainly see Defendants' argument that under Fed. R. Evid. 403, it is *unduly* prejudicial compared with its probative value.  However, for purposes of this motion, I believe the request to exclude specific statement should be denied as well.  This comes with several cautions and/or advisements.  First, Plaintiffs must avoid unduly sensationalizing such excited utterances

---

[1] Defendants have submitted a transcript of Ms. Flores-Nava's deposition which recounts both K.F.'s emotional reaction as perceived by Ms. Flores-Nava and specific statements made by K.F.

beyond their factual evidentiary value. If this occurs, I expect Judge Ebel to take control and entertain an appropriate objection. Second, defense counsel is invited to remind Judge Ebel of this issue immediately prior to the start of Ms. Flores-Nava's testimony. Finally, of course, if the tenor and context of the trial proceedings takes this testimony to a place that justifies Defendants to re-raise this issue in an appropriate form (*i.e.*, a renewed objection) *during* Ms. Flores-Nava's testimony, I am confident Judge Ebel will make whatever decision is necessary under the Rules of Evidence. To the extent this ruling is somewhat fluid rather than black and white, I believe that is a necessary burden given the entire foreseeable context and spectrum of the K.F. testimony.

As for Defendants' argument about the risk of the jury awarding damages to K.F. on a claim for which she is not a party, Judge Ebel will instruct the jury on the claims and damages that are at issue for each specific claim.

For these reasons, Defendants' Motion *in Limine* No. 7 (ECF 288) is denied without prejudice as stated herein.

## II. **Defendants' Motion *in Limine* No. 8 to Exclude Allegations of Missing Money (ECF 289)**

Plaintiffs contend $3500.00 is missing from a coat pocket that was searched in apartment A103 on April 10, 2017. Judge Ebel dismissed any claim for damages arising from the alleged missing money. Defendants seek to exclude any testimony at trial about missing money. Plaintiffs seek to use this fact to demonstrate that Defendants were searching in places where no human being could possibly be hiding (*e.g.*, a coat pocket). I find any mention of missing money or $3500.00 would, if relevant at all, be unfairly prejudicial under Fed. R. Evid. 403. Plaintiffs may discuss the minutiae of where the Defendants searched, including coat pockets, but may not

3

mention in any manner the allegation or implication that the Defendants took anything.  Therefore, Defendants' Motion *in Limine* No. 8 (ECF 289) is granted.

### III. Defendants' Motion *in Limine* No. 9 to Exclude Testimony on "Excessive Force" and "Unlawful Seizure" (ECF 290)

At one point this case involved claims for excessive force and unlawful seizure.  Such claims have been dismissed.  Defendants seek to exclude reference to these claims or to the mere concept of excessive force and unlawful seizure at trial.  As a general matter, I agree with Plaintiffs' counsel's position that they or their witnesses will not use the terms "excessive force," "unreasonable force," "illegal detention," "seizure," etc. during this trial.  These are legal conclusions commenting on actions by government officials.  They would be inappropriate for the trial.  However, I expect that Judge Ebel will permit each Plaintiff or fact witness to tell their story about what happened, using whatever descriptive terms are appropriate and admissible.  He will have to police how detailed such testimony gets based on the claims that will be tried.  For example, Defendants object to any "testimony concerning conduct, statements, or actions after the officers' entry in A103" with respect to the April 11, 2017 claim.  Because such testimony must inherently be viewed in context, Defendants must assert an appropriate objection at trial in the event Plaintiffs seek to elicit testimony that goes outside the boundaries of relevance.

For these reasons, Defendants' Motion *in Limine* No. 9 (ECF 290) is granted to the extent it seeks to exclude the use of the terms described herein.

### IV. Conclusion

Incorporating all limitations, conditions, and explanations described above, I adjudicate the Motions as follows. Defendants' Motion *in Limine* No. 7 to Limit the Testimony of Lucina Flores-Nava [filed January 8, 2021; ECF 288] is **denied**. Defendants' Motion *in Limine* No. 8 to Exclude Allegations of Missing Money [filed January 8, 2021; ECF 289] is **granted**. Defendants' Motion

4

*in Limine* No. 9 to Exclude Testimony on "Excessive Force" and "Unlawful Seizure" [filed January 8, 2021; ECF 290] is **granted in part**.

Dated at Denver, Colorado this 3rd day of February, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge